UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHAWNNA REASONOVER,

    Plaintiff,
-vs.-


PLUSFOUR, INC.,

    Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, LASHAWNNA REASONOVER, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for her Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Norton Shores, Muskegon County, Michigan.

4. Venue is proper in the Western District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Norton Shores, Muskegon County, Michigan.

6. The Defendant to this lawsuit is PlusFour, Inc. which is a Nevada corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed to a third party in the amount of $208.00 (the alleged "Debt").

8. Plaintiff disputes the alleged Debt.

9. On February 6, 2021, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the alleged Debt as a collection item.

10. On February 9, 2021, Plaintiff obtained her Trans Union credit report and noticed Defendant reporting the alleged debt as a collection item.

11. On or about March 5, 2021, Plaintiff sent Defendant a letter disputing the collection item.

12. On March 24, 2021, a prospective lender, Capital One Bank USA, obtained Plaintiff's Equifax and Trans Union credit files.

13. On May 17, 2021, Plaintiff obtained her Trans Union credit disclosure, which showed Defendant last reported the collection item reflected by the Trans Union on May 3, 2021 and failed or refused to flag them as disputed, in violation of the FDCPA.

14. On May 18, 2021, Plaintiff obtained her Equifax credit disclosure, which showed Defendant last reported the collection item reflected by the Equifax on April 5, 2021 and failed or refused to flag them as disputed, in violation of the FDCPA.

15. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

16. Defendant had more than ample time to instruct Equifax to flag its collection item as Disputed.

17. Defendant's inaction to have its collection item on Plaintiff's credit report flagged as disputed was either negligent or willful.

18. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing and

credit for her day to day needs.  Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated  the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

23. Plaintiff has suffered harm and damage at the hands of the Defendant as this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

24. Defendant's failure to flag its collection item on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that he has simply ignored this debt when, in fact, he disputes its validity.

25. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

26. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

29. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

30. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

31. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

32. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

33. Plaintiff incorporates the preceding allegations by reference.

34. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

35. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

36. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

37. Plaintiff has suffered damages as a result of these violations of the MCPA.

38. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

                         Respectfully submitted.

June 18, 2021              <u>/s/ Carl Schwartz</u>
                                  CARL SCHWARTZ (P70335)
                                  GARY A. HANSZ (P44956)
                                  CREDIT REPAIR LAWYERS OF AMERICA
                                  Attorneys for Plaintiff
                                  22142 West Nine Mile Road
                                  Southfield, MI 48033
                                  (248) 353-2882
                                  Fax (248) 353-4840
                                  Email – Carl@crlam.com